**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cr-04067-06-SRB |
| ) | |
| MORGAN DION CALHOUN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Morgan Dion Calhoun's ("Defendant") Motion for Compassionate Release. (Doc. #599.) Upon review of the record, Defendant's motion is DENIED.

On October 26, 2017, Defendant pled guilty to Count 1 of a Second Superseding Indictment, which charged him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On February 22, 2018, the Court sentenced Defendant to 132 months of imprisonment, to be followed by five years of supervised release. Defendant is currently housed at the federal correctional institution located in Terre Haute, Indiana ("FCI Terre Haute"). According to the Government, Defendant's current release date is October 1, 2025.

On February 18, 2021, Defendant, through counsel, filed the pending motion for compassionate release. Defendant states he is a "44-year-old African American man with diabetes, high blood pressure, and hyperlipidemia (high cholesterol)," and that many individuals at FCI Terre Haute have been diagnosed with COVID-19. (Doc. #599, pp. 1, 14–15.) Defendant

also states he previously contracted COVID-19, but has since recovered. However, Defendant argues he remains at risk of serious illness or death if he is reinfected, and that FCI Terra Haute is unable to protect him from reinfection. Finally, Defendant argues that compassionate release is warranted under the 18 U.S.C. § 3553 factors and states he has a viable home release plan. In response, the Government argues that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, the Court finds no extraordinary and compelling reason to reduce Defendant's sentence. The record does not show any medical condition preventing Defendant from providing

2

self-care or from performing daily living activities. While Defendant suffers from some medical conditions that the CDC has identified as increasing the risk of serious illness from a COVID-19 infection, Defendant states he has already contracted COVID-19 and recovered. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age and apparent health conditions do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. The Court also finds Defendant fails to show the § 3553(a) factors support release. *See* 18 U.S.C. § 3582(c)(1)(A). The Court commends Defendant for his rehabilitation efforts, but given the nature and circumstances of his offense, the weight of the evidence against Defendant, and the history and characteristics of Defendant, a compassionate release is not warranted.

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Compassionate Release (Doc. #599) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: May 10, 2021